# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABDUL ABDULLAH, #690331-054, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-2195 |
| TIMOTHY STEWART, Warden, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

While confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), Petitioner Abdul Abdullah, acting without counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a disciplinary hearing finding him guilty of possession of a cell phone during his confinement at the Federal Correctional Institution at Joint Base Maguire Dix in Lakehurst, NJ ("FCI-Fort Dix").[1] ECF No. 1. Respondent, the Warden of FCI-Cumberland, moves to dismiss or for summary judgment. ECF No. 6. Because Abdullah cannot prove a violation of his Constitutional rights based on the undisputed material facts, Respondent's unopposed motion,[2] construed as a motion for summary judgment, shall be granted; and the Petition shall be denied and dismissed.

---

[1] Although the claim arose while Abdullah was housed at FCI-Fort Dix, Abdullah filed his Petition while housed at FCI-Cumberland. A § 2241 Petition must be filed in the jurisdiction where the Petitioner is confined. *See* 28 U.S.C. § 2241(a). Although Abdullah subsequently was transferred from FCI-Cumberland to FCI-Fairton in New Jersey, *see* Jimenez Decl. ¶ 4 & Ex. B, ECF No. 6-2, at 3, 12, this Court retained jurisdiction. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on [an] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk of Court on November 7, 2017 informed Abdullah that Respondent had filed a dispositive motion; that Abdullah had seventeen days in which to file a written opposition to the motion; and that if

## Background

Abdullah is serving a five year sentence, with a current projected release date of September 12, 2019. Jimenez Decl. ¶ 3 & Att. A (Inmate Data), ECF No. 6-2, at 3–4, 8.[3] On June 8, 2016, while housed at FCI-Fort Dix, Abdullah was charged with a possession of a cell phone, which is deemed a violation of "Code 108," "possession of a hazardous tool." Pet. Ex. A, ECF No. 1-3; Jimenez Decl. ¶ 5 & Att. B (Inmate History) & C (Incident Report), ECF No. 6-2, at 4, 12, 14–19. Officers conducting a pat search of inmates inside Cell 218 had instructed Abdullah to remove his shoes as part of the search. Pet. Ex. A, ECF No. 1-3; Jimenez Decl. Att. C, ECF No. 6-2, at 14–15. An officer charged Abdullah with possession of a cell phone, which the officer claimed was found in one of Abdullah's just-removed shoes. Pet. Ex. A, ECF No. 1-3; Pet'r Mem. 3, ECF No. 1-1; Jimenez Decl. Att. C, ECF No. 6-2, at 14–15.

The Unit Disciplinary Committee ("UDC") held a hearing on June 14, 2016 and noted that Abdullah "stated that the phone was not his, and he was set up." Jimenez Decl. Att. C, ECF No. 6-2, at 13–14. Due to the severity level of the offense and "the seriousness/repetitive behavior of the incident report," the UDC referred the charge to the Disciplinary Hearing Officer ("DHO"). *Id.* ¶ 6 & Att. C, ECF No. 6-2, at 3, 14, 16. Abdullah received notice of the hearing, declined staff representation, and waived his right to call witnesses. *Id.* Att. D (Notice), ECF No. 6-2, at 23. The DHO conducted a hearing on June 23, 2016, and found Abdullah committed the violation. *Id.* ¶ 9 & Att. F (DHO Report), ECF No. 6-2, at 4, 28–29; Pet. Ex. B (DHO Report), ECF No. 1-3. The DHO's decision "was based on the evidence supplied by the reporting officer in the incident report detailing the search of Petitioner and the discovery of the cellular phone

---

Abdullah failed to respond, summary judgment could be entered against him without further notice. ECF No. 7. Abdullah failed to respond.

[3] This opinion cites to pagination assigned by the electronic docket.

inside Petitioner's shoe" when Abdullah removed his shoe, and Abdullah's admission at the DHO hearing "that the phone belonged to him." Jimenez Decl. ¶ 9 & Att. F, ECF No. 6-2, at 4, 28–29. Additionally, "[p]hotographs of the phone corroborated the reporting officer's statement." *Id.*

Because the offense is categorized at the greatest security level, the DHO had full discretion to "[f]orfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time . . . ." Jimenez Decl. ¶ 10 & Att. G (Program Statement 5270.09), ECF No. 6-2, at 4–5, 74–75. Abdullah received sanctions, including the disallowance of forty days good conduct time ("GCT"), the forfeiture of fourteen days of non-vested GCT, and privileges, including a three year restriction on email correspondence and telephone communication. Pet. Ex. B, ECF No. 1-3; *see* Pet. 2. Abdullah's appeals of the conviction and sanctions were unsuccessful. Pet. Ex. G, ECF No. 1-9 (Inmate Req. to Staff Member Resp.). Abdullah now seeks restoration of the GCT and restoration of those privileges. Pet. 8; Pet'r Mem. 6.

Abdullah alleges that the DHO's finding was based on insufficient evidence, his procedural due process and equal protections rights were violated, the sanctions imposed were too harsh, and the administrative grievance process is abusive and racially discriminatory. Pet. 7–8. The crux of Abdullah's claim that the DHO's decision was improper centers on his assertion that the phone discovered during a search did not come from his shoe, but rather was in a shoe found among many other shoes in the dorm. Pet'r Mem. 3. Abdullah also insists that he never admitted that the phone was his. *Id.* He further alleges the reporting officer violated protocol by failing to secure the area prior to the search. *Id.* at 4. Abdullah states, generally, that the decisions of the DHO, Regional Director, and Central Office were biased and rooted in racial

3

discrimination, and that the decision-makers failed to "follow their own rules and regulations" and were part of a conspiracy to deny due process rights to a person of color. *Id.* at 4–5.

## Standard of Review

Respondent filed its motion as one, in the alternative, for summary judgment, and submitted evidence for the Court's review; Abdullah has not requested an opportunity for discovery (or otherwise responded to the motion); and I will consider the evidence in my analysis. Accordingly, the motion is construed properly as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Walker v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-3151, 2013 WL 2370442, at *3 (D. Md. May 30, 2013); *Ridgell v. Astrue*, No. DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* The Court considers the undisputed facts, and

to the extent there is a genuine dispute of material fact, "this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Downing v. Balt. City Bd. of Sch. Comm'rs*, No. RDB-12-1047, 2015 WL 1186430, at *1 (D. Md. Mar. 13, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

**Analysis**

Due Process

Prisoners retain rights under the Fourteenth Amendment's Due Process Clause, but "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain procedural protections, including: (1) "advance written notice" of the charges against him; (2) "a written statement of ... the evidence relied upon and the reasons for the disciplinary action taken"; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have legal assistance—albeit not from an attorney—when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-66, 570-71, 578-79. There is no constitutional right to confront and cross-examine witnesses or to retain or be appointed counsel. *See id.*; *Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004).

Substantive due process is satisfied if "some evidence" supports the disciplinary hearing decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v.*

*Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. *See Hill*, 472 U.S. at 455-56.

Abdullah received advance written notice of the charges against him and the hearing, and declined a staff representative and witnesses. He presented his testimony at the hearing. The DHO weighed that testimony against evidence presented by prison staff and found that Abdullah had possession of the cell phone. The DHO issued a written decision that provided an evidentiary basis for the ruling. Further, there is no evidence that the DHO was not impartial. Additionally, the DHO's decision was supported by "some evidence." Therefore, it satisfies the constitutional standard for disciplinary proceedings. *See Hill*, 472 U.S. at 455-56; *Wolff*, 418 U.S. at 564-66, 570-71, 578-79.

Equal Protection

A party claiming a violation of equal protection must "demonstrate that he has been treated differently from other with whom he is similarly situated individuals and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 653 (4th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439-40 (1985)).

Abdullah does not present any evidence to support his inference that the guilty finding and subsequent punishment were the result of discrimination. He does not claim procedural infirmities occurring in the hearing itself that violated applicable rules or that ran afoul of the due process protections to which he was entitled; nor can he on the record before this Court. The

prohibited act—possession of a hazardous tool (a cell phone)—is among the greatest severity level offenses, and the penalty imposed is within the parameters of sanctions permitted in accordance with Bureau of Prisons policy and federal regulation. Thus, the guilty finding and the punishment imposed are not evidence of racial bias. Abdullah's unsupported, conclusory claim that he was charged and convicted of a rule violation simply because of his race cannot form the basis of a viable equal protection claim, and his claim that the administrative grievance procedure is racially biased is equally flawed.

## Conclusion

Respondent is entitled to summary judgment in his favor. A separate Order follows.

4/16/2018
Date

Paul W. Grimm
United States District Judge